**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MOHAMAD TAYSER AL-QURAN,** | ) | |
| **#45-823-715,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0282-P** |
| | ) | **ECF** |
| **ALBERTO GONZALES, United States** | ) | |
| **Attorney General, et al.,** | ) | |
|     **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties:  At the time of filing this action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas.  He was recently removed from the United States and his whereabouts are presently unknown.  Respondent is the Secretary of the Department of Homeland Security.  The Court issued process in this case.

Statement of Case:  On February 13, 2006, Petitioner filed this habeas corpus action challenging his detention pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  On May 9, 2006, Respondent filed a supplemental response, advising that on May 2, 2006, ICE removed Petitioner to Jordan.

Findings and Conclusions:  Petitioner's removal from the United States requires the Court

to examine whether it has jurisdiction over the instant action.  <u>See</u> Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Id.</u> at 396 (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  <u>Lane v. Williams</u>, 455 U.S. 624, 631 (1982).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."  <u>American Med. Ass'n v. Bowen</u>, 857 F.2d 267, 270 (5th Cir. 1988).

The only relief sought in this matter was release from custody pending removal.  Since Petitioner was removed from the United States, his ground for relief is now moot and this Court lacks jurisdiction to consider his petition.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed for want of jurisdiction the same being moot.

A copy of this recommendation shall be mailed to Petitioner's last known address and counsel for Respondent.

Signed this 11th day of May, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.